UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>THE PRINCESS MARTHA, LLC, and TJM PROPERTIES, INC.<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## NATURE OF ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Sarah Branyan ("Charging Party") who was adversely affected by such practices. As alleged with greater particularity below, Defendants The Princess Martha, LLC ("Princess Martha") and TJM Properties, Inc. ("TJM") (collectively, "Defendants") discriminated against Charging Party by failing or refusing to hire her based on her disability, Post-traumatic Stress Disorder ("PTSD"), and failing to accommodate Charging Party's disability, in violation of the ADA.

1

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  Venue is proper because the employment practices alleged to be unlawful were committed in St. Petersburg, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3.  Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission" or the "EEOC") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  Princess Martha is a Florida corporation, is registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

5.  At all relevant times, Princess Martha has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7)

of the ADA, 42 U.S.C. § 12111(5), (7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

6. At all relevant times, Princess Martha has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. TJM is a Florida corporation, is registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

8. At all relevant times, TJM has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

9. At all relevant times, TJM has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **CONDITIONS PRECEDENT**

10. More than thirty days prior to the institution of this lawsuit, Charging Party filed a Charge of Discrimination (the "Charge") with the EEOC alleging that Princess Martha discriminated against her on the basis of her disability in violation of the ADA.

11. The EEOC sent Princess Martha notice of the Charge on November 23, 2021.

12. During EEOC's investigation of the Charge, it determined that TJM and Princess Martha operate as a single or integrated enterprise, and/or joint employer by

virtue of the interrelations of their operations and the centralized control over their labor relations.

13. The EEOC sent notice of the Charge to TJM on May 25, 2022.

14. The EEOC issued a Letter of Determination to Defendants on July 6, 2022, finding reasonable cause to believe that Defendants discriminated against Charging Party by not hiring her based on her disability and by failing to provide a reasonable accommodation in violation of the ADA.

15. Thereafter, the EEOC engaged in conciliation efforts with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16. The EEOC was unable to secure from Defendants a conciliation agreement acceptable to the EEOC.

17. On August 9, 2022, the EEOC issued a Notice of Failure of Conciliation to Defendants advising them that the EEOC was unable to secure a conciliation agreement acceptable to the EEOC.

18. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### Defendants' Corporate Structure

19. The Princess Martha is an upscale senior living retirement residence located in St. Petersburg, Florida.

20. TJM is a real estate acquisition and management firm specializing in hotels and senior living facilities. It is based in Clearwater, Florida.

21. Defendants operate as a single or integrated enterprise, and/or joint employer by virtue of the interrelations of their operations and the centralized control over their labor relations.

22. TJM and Princess Martha's operations are interrelated, there is a centralized control of labor relations, common management, and common ownership and financial control.

23. TJM "owns and manages its four senior living [facilities] and ten hotels."

24. Princess Martha is one of the senior living facilities owned and managed by TJM (see image below).



25. The registered agent and mailing address for Princess Martha and TJM are the same: Terence J. McCarthy, 501 Ulmerton Road, Ste. 200, Clearwater FL 33780.

26. The founder, general partner, and president of TJM is Terence J. McCarthy.

27. Upon information and belief, Princess Martha is owned by TJM through Terence J. McCarthy.

28. Princess Martha is a member-managed LLC. According to its corporate filings with the State of Florida, the managing member of the Princess Martha is the Trustee of Terence J. McCarthy.

29. Princess Martha's Human Resources Director, Andrea Van Blomberg, has regional duties for all regional TJM properties.

30. Upon information and belief, Ms. Van Blomberg is an employee of TJM.

31. Ms. Van Blomberg and Madelin Anderson, the Regional Director of Operations for TJM Properties, review and revise all employee handbooks and policies for all regional companies under the TJM umbrella for compliance with applicable equal employment laws.

32. Ms. Van Blomberg also conducts trainings concerning TJM employment policies for all regional TJM properties.

33. Many online job postings for positions at the Princess Martha note that it is affiliated with TJM.

## Defendants' Drug Testing Policy

34. Individuals that apply for employment with Princess Martha must undergo a drug test and background check.

35. Defendants use a rapid response drug testing procedure.

36. For the procedure, an applicant gives a urine sample at an independent local testing facility, BayCare.

37. Within about 15 minutes, the test yields either a negative (meaning no drugs detected) or non-negative result.

38. A non-negative result indicates that the sample is found to be adulterated, substituted, invalid, or positive for drug/drug metabolites.

39. Legally prescribed medications can cause a non-negative result.

40. Non-negative test results are shipped to a third party lab—Abbott Toxicology (formally Alere Toxicology)—and examined by a Medical Review Officer to determine the cause of the non-negative, including whether the donor was taking illicit drugs or legally prescribed medication.

## Charging Party's Job Offer Is Revoked Based on Her Disability

41. Charging Party is a United States veteran and suffers from chronic PTSD.

42. Charging Party takes prescription medications that are necessary to manage her PTSD.

43. On August 16, 2021, Charging Party applied with Defendants for the position Activities Coordinator.

44. On August 18, 2021, Charging Party interviewed with Princess Martha's Activities Director, Brittany Knight.

45. Charging Party was offered the position and told that she would need to complete a background check and drug test to complete the hiring process.

46. During the interview, Charging Party disclosed to Ms. Knight that she was a veteran with PTSD, and that it would not affect her ability to perform any tasks required by the job.

47. She also disclosed that she was currently taking prescription medications that would cause a drug test to fail.

48. In response, Ms. Knight informed Charging Party that this would not be an issue, and that the testing facility, BayCare, would take copies of all her prescriptions.

49. Ms. Knight also informed Charging Party that the position would not include any tasks that could be impaired by Charging Party's medications..

50. Charging Party brought copies of her prescriptions and other documents related to her PTSD and status as a veteran to the interview.

51. When Charging Party offered to show these documents to Ms. Knight, Ms. Knight responded that she did not need to see the documents.

52. During the August 18, 2021 interview, Charging Party successfully completed the background check.

53. On August 19, 2021, Charging Party submitted a urine sample to BayCare for the drug screening process.

54. While at the drug testing facility, Charging Party attempted to provide proof of her prescriptions, but was told it was unnecessary because she would later be called to verify any foreign substances.

55. On August 25, 2021, after not receiving any additional information from Princess Martha, Charging Party contacted Ms. Knight to check on her application status.

56. On the call, Ms. Knight did not provide a substantive response and stated only that human resources should have called Charging Party.

57. Ms. Knight then transferred Charging Party's call to Princess Martha's Human Resources Director, Andrea Von Blomberg. Ms. Von Blomberg did not pick up the call, so Charging Party left her a voicemail.

58. In the voicemail, Charging Party expressed her concern that she had not received a drug test result and reiterated that her medications would cause a drug test to fail.

59. On August 26, 2021, Princess Martha sent a notice to Charging Party that it was rescinding its offer of employment. Prior to rescinding Charging Party's employment offer, no one reached out to her from Princess Martha to discuss her drug test results.

60. Defendants were unwilling to provide Charing Party with a reasonable accommodation for her disability, that is, to permit Charging Party to verify that

legally prescribed medication explained the non-negative drug test result, and to employ her despite the non-negative drug result.

61. Defendants revoked Charging Party's offer of employment because of her disability.

62. As a result, Charging Party has been damaged.

## STATEMENT OF CLAIMS

### Count I – Failure to Hire Based on Disability

63. Paragraphs 1 through 62 are incorporated by reference as if fully set forth herein.

64. Charging Party is a qualified individual with a disability as defined by the ADA.

65. Charing Party is "disabled" as defined by the ADA because her PTSD substantially limits several major life activities, including "learning," and "concentrating," "thinking," and "working."

66. Charging Party was qualified for the position of Activities Coordinator with Defendants.

67. Charging Party could perform the essential functions of the position with or without an accommodation.

68. Defendants discriminated against Charging Party in violation of 42 U.S.C. § 12112(a) by refusing to hire Charging Party because of her disability.

69. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Charging Party has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

70. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Charging Party.

71. The effect of the practices complained of in the foregoing paragraphs has been to deprive Charging Party of equal employment opportunities and otherwise to adversely affect her status as an employee because of her disability.

Count II – Failure to Accommodate

72. Paragraphs 1 through 62 are incorporated by reference as if fully set forth herein.

73. Charging Party informed Defendants that she needed an accommodation to their drug testing policy, i.e., to show that non-negative results were due to legal, prescription medications.

74. Defendants failed to make this accommodation for Charging Party, and revoked her job offer after her non-negative result.

75. Charging Party could perform the essential function of the Activities Coordinator position.

Case 8:22-cv-02182-CEH-AAS   Document 1   Filed 09/21/22   Page 12 of 14 PageID 12

76. Defendants discriminated against Charging Party in violation of 42 U.S.C. § 12112(a) and (b)(5) by not providing a reasonable accommodation.

77. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Charging Party has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

78. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Charging Party.

79. The effect of the practices complained of in the foregoing paragraphs has been to deprive Charging Party of equal employment opportunities and otherwise to adversely affect her status as an employee because of her disability.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

80. Grant a permanent injunction enjoining Defendants, their officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or participation with them, from engaging in employment practices that discriminate against qualified individuals on the basis of disability;

81. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices;

12

82. Order Defendants to make Charging Party whole by providing compensation for past, present, and future pecuniary losses, including job search expenses, resulting from the unlawful employment practices complained of herein, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendants' unlawful employment practices;

83. Order Defendants to make Charging Party whole by providing compensation for past, present, and future non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

84. Order Defendants to make Charging whole by providing appropriate back pay with pre-judgment interest and lost benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

85. Order Defendants to pay Charging Party punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

86. Grant such other further relief as the Court deems necessary and proper in the public interest; and

87. Award the EEOC its costs in this action.

## **JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Date: September 21, 2022

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
CHRISTOPHER LAGE
Deputy General Counsel
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676

s/ Beatriz Biscardi André
BEATRIZ BISCARDI ANDRÉ
Supervisory Trial Attorney
New York Bar No. 4394599
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Miami District Office
100 S.E. 2nd Street, STE 1500
Miami, FL 33131
T: 786-648-5806
beatriz.andre@eeoc.gov