UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                  Case No: 8:22-cv-2182-CEH-AAS

THE PRINCESS MARTHA, LLC and
TJM PROPERTIES, INC.,

    Defendants.
_____

## ORDER

This cause comes before the Court on Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") Motion for Judgment on the Pleadings (Doc. 14). In the motion, the EEOC argues it is entitled to partial judgment on the pleadings as to one of the affirmative defenses of Defendant The Princess Martha, LLC. The Princess Martha has responded in opposition (Doc. 17).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

### I.    BACKGROUND

In this employment action, the EEOC alleges that the Defendants violated the Americans with Disabilities Act ("ADA") by failing to hire the Charging Party because of her disability, and failing to accommodate her disability. Doc. 1. Defendants are The Princess Martha ("TPM"), a retirement community in St.

Petersburg, and TJM Properties, Inc., a real estate company that the EEOC alleges owns and manages the Princess Martha. *Id.* ¶¶ 19-33. Applicants for employment at TPM must undergo a drug test. *Id.* ¶ 34. The Charging Party is a military veteran who takes prescription medication for post-traumatic stress disorder ("PTSD"). *Id.* ¶¶ 41-42. In her interview for employment with TPM, she disclosed her diagnosis and the fact that the medication she takes for it would cause a drug test to fail. *Id.* ¶¶ 44-50. After taking the drug test, the Charging Party learned that TPM was rescinding her offer of employment. *Id.* ¶¶ 53-59. The EEOC alleges that her offer was revoked because of her disability, which constitutes ADA discrimination. *Id.* ¶¶ 61, 64-71. Further, it alleges that Defendants violated the ADA by failing to give her a reasonable accommodation by permitting her to verify that her prescribed medication caused the non-negative drug test result. *Id.* ¶¶ 60, 73-76.

Defendant TPM filed an Answer that asserts twelve affirmative defenses. Doc. 10 at 9-11. The ninth affirmative defense alleges that the Charging Party's claims are barred under the ADA, "to the extent that [they] relate to persons or matters which were not made the subject of a timely charge of discrimination filed with the EEOC/FCHR or were not investigated or conciliated by the EEOC/FCHR[.]" *Id.* at 11.

The EEOC now moves for partial judgment on the pleadings as to TPM's failure to conciliate affirmative defense. Doc. 14. It argues that TPM's Answer admitted that "the EEOC engaged in conciliation efforts with Princess Martha." *Id.* at

2

2, citing Doc. 10 ¶ 15.  The EEOC further points to the Letter of Determination that it sent to TPM on July 6, 2022, which it cited in the Complaint, *see* Doc. 1 ¶ 14 and Doc. 17-1, as well as its allegation that it "engaged in conciliation efforts with Defendants to provide Defendants with the opportunity to remedy the discriminatory practices described in the Letter of Determination." Doc. 1 ¶ 15.  After the EEOC could not secure a conciliation agreement that was acceptable to the EEOC, it issued a Notice of Failure of Conciliation. *Id.* ¶¶ 16-17.  The EEOC argues that these allegations, coupled with TPM's admission, preclude an affirmative defense of failure to conciliate. Doc. 14 at 5-6.  Citing *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 489 (2015), the EEOC contends that only an employer's assertion that "the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim" will raise a factual dispute regarding the failure to conciliate. Doc. 14 at 5-6.   Moreover, it asserts that it is entitled to judgment on the pleadings because failure to conciliate is not a valid affirmative defense, as the remedy is a stay rather than dismissal. *Id.* at 3-5.

In response, TPM first argues that judgment on the pleadings is inappropriate because there are material facts in dispute as to whether the EEOC's efforts to conciliate were adequate or appropriate. Doc. 17 at 2.  TPM disputes the EEOC's characterization of its Answer, which admitted that the EEOC engaged in "conciliation efforts" but not that it met all conciliation *requirements*. *Id.* at 3.  TPM denies that the EEOC provided it with the opportunity to remedy the allegedly discriminatory practices, as required by *Mach*. *Id.* at 4.  In any event, TPM contends

3

that judgment on the pleadings is premature because the Charging Party's claims may expand during her deposition, and TPM may be able to support a failure to conciliate defense with evidence acquired during discovery. *Id.* at 4-5.[1]

## II. LEGAL STANDARD

When resolving a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., the Court must consider all of the pleadings: the complaint, the answer, and any documents attached as exhibits. *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (internal quotation marks omitted). "In determining whether a party is entitled to judgment on the pleadings, [a court must] accept as true all material facts alleged in the non-moving party's pleading and…view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo*, 774 F.3d 1329, 1335 (11th Cir. 2014); *Cunningham*, 592 F.3d at 1255. "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at 1335. "A motion for judgment on the pleadings is governed by the same standard

---

[1] The Court granted the EEOC leave to amend its Complaint in order to address arguments raised by the other defendant, TJM Properties, in a motion to dismiss. *See* Docket Entries 9, 21, 23, 24. Because the amendments do not impact the allegations that relate to the EEOC's motion for judgment on the pleadings, the Court will consider the motion based upon the original Complaint and Defendant TPM's Answer.

4

as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

### III. DISCUSSION

The EEOC is an enforcing agency for allegations of employment discrimination under Title VII of the Civil Rights Act. If the EEOC finds reasonable cause to think that an allegation of discrimination has merit, it must "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion" before it may initiate suit. 42 U.S.C. § 2000e-5(b). In *Mach Mining, LLC v. E.E.O.C.*, the court held that the EEOC may satisfy this condition by "tell[ing] the employer about the claim—essentially, what practice has harmed which person or class—and [providing] the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance." 575 U.S. 480, 488 (2015). In doing so, it need only "afford the employer a chance to discuss and rectify a specified discriminatory practice[,]" and "'endeavor' to conciliate a claim." *Id.* at 489, 492; *see also id.* at 494 ("the EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice"). The *Mach Mining* court expressly declined to mandate "any specific steps or measures," instead permitting the EEOC to "use in each case whatever 'informal' means of 'conference, conciliation, and persuasion' it deems appropriate." *Id.* at 492, quoting 42 U.S.C. § 2000e5(b).

TPM's Answer admits that the EEOC "engaged in conciliation efforts" with it. Doc. 10 at 15. It further admits receipt of the July 6, 2022 Letter of Determination,

which it attached to its response in opposition to the EEOC's motion. *Id.* at 14; *see* Doc 17-1. The Letter of Determination described the discrimination claim and identified the Charging Party. *Id.* at 1. It further informed TPM of the EEOC's practice of "attempt[ing] to eliminate the alleged unlawful practices through conciliation." *Id.* The letter continued,

> Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email [name, title, and email address] within seven (7) days from the date of this Letter of Determination.

*Id.* at 2.[2]

The pleadings and the Letter of Determination demonstrate that the EEOC fulfilled its limited duty under *Mach Mining* and § 5000e-5(b) as to the discrimination allegations in the Complaint. The Letter of Determination told TPM about the claim and offered it the opportunity to engage in "some form of discussion." *Mach Mining*, 575 U.S. at 494. The court rejected the Letter of Determination in *Mach Mining* as

---

[2] Neither party disputes that the Court may consider the Letter of Determination in a motion or judgment on the pleadings, even though it was not attached to the Complaint or TPM's Answer. In a motion for judgment on the pleadings, like in a motion to dismiss for failure to state a claim, a court may consider an extrinsic document that is both undisputed and central to the claim at issue. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 n.12 (11th Cir. 2014); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]hen the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."). "In this context, 'undisputed' means the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276. The Court finds that the Letter of Determination is both undisputed and central to both the Complaint and the affirmative defense at issue. Therefore, it may consider the letter without converting the motion for judgment on the pleadings to a motion for summary judgment.

inadequate because it stated only that the EEOC would "be in contact…in the near future to begin the conciliation process," but did not provide direct evidence as to whether the EEOC actually did so. *Id.* at 490. In contrast, the EEOC's letter in this case provided TPM with the information it needed to engage in the conciliation discussion. Doc. 17-1 at 1. Indeed, TPM agrees that the EEOC "engaged in conciliation efforts." Doc. 10 at 15. Under *Mach Mining*, such an attempt is sufficient.

Contrary to TPM's argument that questions of fact remain as to whether the EEOC complied with the "conciliation requirements," Doc. 17 at 3-4, the *Mach Mining* court expressly declined to set forth any "specific steps or measures" the EEOC must take, instead awarding it "expansive discretion…to decide how to conduct conciliation efforts and when to end them." 575 U.S. at 492, 494. The court also declined to impose the district court's requirement that the conciliation effort be "sincere and reasonable." *Id.* at 493. It held that judicial review of the EEOC's conciliation efforts would be "relatively barebones"—looking "only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.*, statements made or positions taken) during those discussions. *Id.* at 494. Here, the Letter of Determination demonstrates that the EEOC "attempted to confer" about the charge described in the letter. The Court's judicial review of that attempt "goes no further." *Id.* at 489; *see also*, *e.g.*, *EEOC v. U. of Miami*, No. 19-23131-Civ, 2021 WL 4459683, *15 (S.D. Fla. Sept. 29, 2021) (granting summary judgment on failure to conciliate affirmative defense where "the EEOC invited the University to engage in conciliation conversation by completing a

form attached to the determination letter); *EEOC v. U. of Miami*, No. 19-23131-Civ, 2020 WL 13220421, *2 (S.D. Fla. July 31, 2020) (discovery into conciliation communications between EEOC and employer is not relevant because "the question is not whether the EEOC conciliated enough and if not, why. Rather, the question is limited to whether in fact the EEOC attempted conciliation."); *U.S. EEOC v. O'Reilly Automotive Stores, Inc.*, 6:19-cv-882-GAP-LHP, 2020 WL 13547859, *6 (M.D. Fla. Jan. 21, 2020) (granting motion to strike affirmative defense that the EEOC failed to conciliate "in good faith" because judicial review is limited to whether the EEOC "afford[ed] the employer a chance to discuss and rectify a specified discriminatory practice").

For these reasons, the EEOC would be entitled to judgment in its favor as to TPM's failure to conciliate affirmative defense *if* the defense alleged that the EEOC had failed to conciliate the claims raised in the Complaint. But that is not what the defense alleges. It alleges that claims are barred only "to the extent that [they] relate to persons or matters which were not made the subject of a timely charge of discrimination filed with the EEOC/FCHR or were not investigated or conciliated by the EEOC/FCHR[.]" Doc. 10 at 11; *cf. O'Reilly*, 2020 WL 13547859 at *6 (affirmative defense alleged only the EEOC's failure to conciliate in good faith). The fact that the EEOC adequately conciliated the claims described in the Complaint does not render TPM's conditional defense inaccurate. Rather, the defense would only be triggered if the Charging Party or the EEOC attempted to raise additional claims that were not the subject of a timely charge of discrimination or were not investigated or conciliated.

8

The Court therefore agrees with TPM that judgment in the EEOC's favor on this affirmative defense is premature. Doc. 17 at 4-5.

The EEOC also argues that it is entitled to judgment as to this defense because the failure to conciliate is not a valid affirmative defense, as the remedy for a failure to conciliate is to stay the case and order additional conciliation. Doc. 14 at 4-5. Some courts have stricken failure to conciliate affirmative defenses for this reason, relying on *dicta* in *Mach Mining* in which the court noted that, "[s]hould the court find in favor of the employer, the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." 575 U.S. at 495; *see, e.g.*, *EEOC v. Darden Restaurants*, No. 15-20561-CIV, 2016 WL 9488709, *3 (S.D. Fla. June 1, 2016). However, some courts have dismissed claims because the EEOC failed to investigate, provide notice for, or conciliate them. *See EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 671 (8th Cir. 2012); *EEOC v. CollegeAmerica Denver, Inc.*, No. 14-cv-01232, 2015 WL 6437863, *3 (D. Col. Oct. 23, 2015). Citing these cases, the *O'Reilly* court declined to strike the failure to conciliate defense with prejudice, because it found that staying the action was not the only appropriate or permissible remedy. 2020 WL 13547859 at *6 n.3; *see also U. of Miami*, 2020 WL 2739711 at *3-4 (same, observing that "numerous courts have allowed failure to conciliate to be pled as an affirmative defense," and noting that the court could regard the failure to conciliate as a denial rather than an affirmative defense in the absence of prejudice to the plaintiff). This Court, too, declines to strike the affirmative defense on this basis. Further, the defense alleges more than just a failure to conciliate: it broadly covers any claim that was not the

9

subject of a timely charge or that was not investigated or conciliated. *Cf. Darden*, 2016 WL 9488709 at *3 (affirmative defense alleged only the failure to conciliate). The EEOC has not established that a stay is the only possible remedy if any of these broad allegations are substantiated. Therefore, the motion for judgment on the pleadings as to the ninth affirmative defense is due to be denied.

    Accordingly, it is **ORDERED**:

1. Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") Motion for Judgment on the Pleadings (Doc. 14) is **DENIED**.

    **DONE** and **ORDERED** in Tampa, Florida on May 19, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties