IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

     Plaintiff,

v.                               Case No. 8:22-cv-2182-CEH-AAS

THE PRINCESS MARTHA, LLC,
TJM PROPERTIES, INC., and
TJM PROPERTY MANAGEMENT, INC.

     Defendants.
_____/

## DEFENDANTS' MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Defendants THE PRINCESS MARTHA, LLC, ("the Princess Martha"), TJM PROPERTIES, INC. ("TJM PROPERTIES"), and TJM PROPERTY MANAGEMENT, INC. ("TJM Property Management"), by and through undersigned counsel, move for sanctions pursuant to Rule 37(e) and state as follows:

## THE AMENDED COMPLAINT

1.     In the Amended Complaint, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991 on behalf of Sarah Branyan ("Charging Party"). (Doc. 24).

2.      In Count I of the Amended Complaint, the EEOC alleges Defendants discriminated against Charging Party by refusing to hire Charging Party because of her alleged disability in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991. (Doc. 24, Paras. 114 - 122). In Count II of the Amended Complaint, the EEOC alleges Defendants allegedly failed to accommodate Charging Party's alleged need for an accommodation in violation of the ADA. (Doc. 24).

3.      The EEOC alleges Defendants actions were intentional and done with malice or reckless indifference to the federally protected rights of Charging Party and otherwise adversely affected her status as an employee because of her alleged disability. (Doc. 24, Paras. 121 - 122).

4.      The EEOC alleges in their Amended Complaint that Charging Party left a voicemail for Andrea Von Blomberg, the Princess Martha's Human Resources Manager, on August 24, 2021. (Doc. 24, Paras. 101, 104). The EEOC alleges Von Blomberg did not contact Charging Party after Von Blomberg allegedly received Charging Party's August 24, 2021, voicemail. (Doc. 24, Para. 109).

5.      The EEOC alleges on August 26, 2021, the Princess Martha rescinded a job offer to Charging Party and that no one reached out to Charging Party to discuss her drug test results. (Doc. 24, Para. 110).

## FACTUAL BACKGROUND

6.     Charging Party has no information that Von Blomberg was aware of her alleged disability. (Charging Party Dep. Pg. 128, Ln. 21 –Pg. 129, Ln. 3).

7.     Von Blomberg was not aware of Charging Party's alleged disability. (Von Blomberg Dep. Pg. 172, Ln. 8 – 13; Pg. 192, Ln. 21 – 23; Pg. 279, Ln. 9 – 12; Pg. 280, Ln. 8 – 10).

8.     On August 24, 2021, Charging Party left a voicemail for the Princess Martha's Human Resources Department. (Charging Party Dep. Pg. 97, Ln. 6 – 21; Pg. 161, Ln. 11). In her voicemail, Charging Party did not disclose that she was taking medications due to an alleged disability. (Charging Party Dep. Pg. 98, Ln. 15 – Pg. 99, Ln. 5).

9.     Charging Party testified that the Princess Martha did not call her back prior to rejecting her application for employment on August 26, 2021. (Charging Party Dep. Pg. 160, Ln. 13 – Pg. 161, Ln. 11).

10.     Charging Party testified that in August 2021, she was generally diligent about calling phone numbers back and that she didn't have any further attempts from Princess Martha to contact her until she received an email on August 26, 2021, informing her that she wouldn't be hired. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln.  11; Von Blomberg Dep. Ex. 24).

11.     It is undisputed when Von Blomberg made the decision to reject Charging Party's application that she was unaware of Charging Party's alleged disability. (Von Blomberg Dep. Pg. 172, Ln. 8 – 13; Pg. 192, Ln. 21 – 23; Pg. 203, Ln.

5, Pg. 205, Ln. 20; Pg. 279, Ln. 9 – 12; Pg. 280, Ln. 8 – 10); (Charging Party Dep. Pg. 128, Ln. 21 –Pg. 129, Ln. 3).

12.    However, Charging Party contends that Brittany Knight, another employee of the Princess Martha was allegedly aware of Charging Party's alleged disability and alleged requests for an accommodation. (Charging Party Dep. Pg. 84, Ln. 2 – Pg. 86, Ln. 1). Defendants dispute these allegations and claim that no employee of the Princess Martha was aware of Charging Party's alleged disability or her alleged request for an accommodation. (Von Blomberg Dep. Pg. 172, Ln. 8 – 13; Pg. 192, Ln. 21 - 23).

13.    By August 27, 2021, Charging Party contacted the Department of Justice regarding her failure to get a job at the Princess Martha.  (Charging Party Dep. Pg. 62, Ln. 2 – Pg. 63, Ln. 4, Ex. 16).

14.    On or around August 30, 2021, Charging Party submitted documentation to the EEOC regarding her claims. (Charging Party Dep. Pg. 78, Ln. 17 – Pg. 79, Ln. 6; Ex. 16). Charging Party alleged in her initial complaint to the EEOC that the Princess Martha would not return her calls. (Charging Party Dep. Pg. 78, Ln. 17 – Pg. 79, Ln. 6, Ex. 16).

15.    Charging Party explained during this time period she envisioned remedying the situation, that she was in "fight mode" and wanted the EEOC to fix the situation. (Charging Party Dep. Pg. 62, Ln. 2 – Pg. 63, Ln. 6).

16.    Charging Party does not have a call log for her cell phone. (Charging Party Dep. Pg. 101, Ln. 17 – 19).

17.     On February 27, 2023, the EEOC served its Responses to the Princess Martha's First Requests for Production. (**Exhibit A**). The Princess Martha requested any digital or audio tapes between or among any persons, concerning the allegations in the EEOC's Complaint or Defendant's defenses (Request No. 9), any audio tapes that relate in any way to the facts or circumstances surrounding the allegations or defenses raised in this Lawsuit (Request No. 10), and any recorded statement made by any party or witness (Request No. 27).

18.     In response to Request No. 10, the EEOC agreed to produce any recordings related to the allegations in the Complaint to the extent they exist. (**Exhibit A**). The EEOC did not produce the August 25, 2021, voicemail that the Princess Martha left for Charging Party. In response to Request No. 27, the EEOC agreed to produce any recordings, to the extent they existed, from any person regarding the facts underlying the Complaint. The EEOC did not produce the August 25, 2021, voicemail in response to Request No. 27.

19.     On April 11, 2023, the EEOC served its Supplemental Responses to the Princess Martha's First Requests for Production. (**Exhibit B**). The Princess Martha's Request No. 4, asked in part, for any tape recordings related to the EEOC's Complaint. The EEOC failed to indicate that a voicemail recording existed. (**Exhibit B**).

20.     As of May 2, 2023, Charging Party still had the cell phone she used in August 2021 in her possession, custody, or control. (Charging Party Dep. Pg. 104, Ln.

3 – 6). However, she didn't think that the phone turned on anymore. (Charging Party Dep. Pg. 104, Ln. 3 – 6).

21.     On July 20, 2023, the EEOC served its Responses to the Princess Martha's Third Requests for Production. (**Exhibit C**). In the EEOC's Response, the EEOC indicated that Charging Party does not have any voicemails from the Princess Martha in her possession. The EEOC also contended that there was no evidence that the Princess Martha left Charging Party a voicemail on August 25, 2021. (**Exhibit C**).

22.     T-Mobile produced the August 2021 call log for Charging Party's phone number. (Rapson Dep. Pg. 7, Ln. 14 – Pg. 8, Ln. 6).

23.     The call log demonstrates Charging Party received a phone call from the Princess Martha on August 25, 2021, and that the call was forwarded to Charging Party's voicemail. (Rapson Dep. Pg. 9, Ln. 4 – 11, Ln. 12; Pg. 13, Ln. 21 – 24; Ex. B).

24.     A voicemail recording was left for Charging Party by the Princess Martha on August 25, 2021. (Rapson Dep. Pg. 11, Ln. 5 – 12; Pg. 13, Ln. 21 – 24; Ex. B).

25.     If someone dials (805) 637-7243 that indicates that they checked their voicemail or retrieved their voicemail. (Rapson Dep. Pg. 11, Ln. 25 – Pg. 12, Ln. 4).

26.     The call log demonstrates Charging Party checked her voicemail account fifteen minutes after the voicemail recording by the Princess Martha was made. (Rapson Dep. Pg. 20, Ln. 24, - Pg. 21, Ln. 10). The connection to the voicemail account lasted twenty-eight seconds. (Rapson Dep. Pg. 21, Ln. 15 – Pg. 22, Ln. 5).

27.     Plaintiff's call log demonstrates that she also checked her voicemail on August 27, 2021, for forty seconds, and August 31, 2021 for three minutes and twenty-one seconds. (Rapson Dep. Ex. B).

28.     T-Mobile is no longer able to produce the August 25, 2021, voicemail because more than 30 days have elapsed from the time of the recording. (Rapson Dep. Pg. 15, Ln. 15 – Ln. 23).

29.     If Charging Party had saved or archived the voicemail on her cell phone she may still be able to access it. (Rapson Dep. Pg. 15, Ln. 24 – Pg. 16, Ln. 5).

<u>Legal Standard</u>

Spoliation sanctions are often imposed under the broad discretion of the district court, which has inherent power to "manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). Other sources of federal law also provide more specific authority. *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311–12 (11th Cir. 2023).

The duty to preserve relevant e-discovery is well-established. *See* Stephen M. Cohen, *Electronic Data and Discovery: Nightmare or Opportunity?*, 76-FEB FLA. B.J. 30 (2002). This duty was made more express in the amendments to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(e) advisory committee's notes (2015 amendment).

Rule 37(e) from the Federal Rules of Civil Procedure was adopted in 2006 and modified in 2015 in response to the explosion of electronic discovery. *2015 Committee Notes on Rule 37(e).*

Rule 37(e) creates a two-tiered sanctions framework—with lesser sanctions under Rule 37(e)(1) and more severe sanctions under Rule 37(e)(2). Both parts of the rule share two requirements: (1) "electronically stored information that should have been preserved in the anticipation or conduct of litigation" was "lost because a party failed to take reasonable steps to preserve it" and (2) that information "cannot be restored or replaced through additional discovery."

The reasonableness of evidence preservation efforts depends in part on "the party's sophistication with regard to litigation in evaluating preservation efforts." 2015 Committee Notes on Rule 37(e).

Rule 37(e) provides for sanctions when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party *failed to take reasonable steps to preserve it.*" Fed. R. Civ. P. 37(e) (emphasis added). Therefore, the failure to act can thus—by definition—be a violation of Rule 37.

Rule 37(e)(1) sanctions are focused on the *effect* of a violation; they apply where lost electronic evidence causes "prejudice to another party," which warrants sanctions "no greater than necessary to cure the prejudice."

Rule 37(e)(2) sanctions, focus on the *cause* of the violation. They require a determination that "the party acted with the intent to deprive another party of the information's use in the litigation." If so, the court can impose severe sanctions: adverse jury instructions or dismissal. Fed. R. Civ. P. 37(e)(2).

Moreover, Rule 37(e)(2) sanctions do not require "any further finding of prejudice." 2015 Committee Notes on Rule 37(e)(2). "This is because the finding of intent required by the subdivision can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position." *Id.*

In *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311–12 (11th Cir. 2023), the 11th Circuit Court of Appeals, thoroughly examined Rule 37(e)(2) and explicitly held: the "intent to deprive another party of the information's use in the litigation" is the equivalent of bad faith in other spoliation contexts. Fed. R. Civ. P. 37(e)(2).

In the 11th Circuit, bad faith "generally means destruction of evidence *for the purpose of hiding* adverse evidence." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020)(emphasis added). This standard is more than mere negligence and is consistent with both the text and advisory committee notes for Rule 37(e)(2). *See id.* at 1184–86; Rule 37(e)(2); 2015 Committee Notes on Rule 37(e)(2).

Rather than adopt a new law of spoliation for Rule 37(e)(2) sanctions, the 11th Circuit uses its identical and well-established standard of "bad faith." *Skanska*, 75 F.4th at 1311–12. Therefore, the intent-to-deprive determination equates to a finding of bad faith i.e. the spoliator had "a purpose of hiding adverse evidence," as in other spoliation contexts. *Id.*

The standard for the sanction of dismissal with prejudice must be met by clear and convincing evidence. *Bellay v. Shue*, 8:19-cv-206-WFJ-JSS, at *32-33 (M.D. Fla. Aug. 5, 2022).

<u>**Argument**</u>

**A.    <u>The Voicemail Should Have Been Preserved in Anticipation of Litigation</u>**

Based on the information Charging Party initially submitted to the EEOC, it was entirely predictable that cell phone data would be needed for litigation, and that some of that data would be lost if not retained by the EEOC. *Skanska*, 75 F.4th at 1313 (11th Cir. 2023). Indeed, Charging Party expressly alleged in her initial complaint "The Princess Martha will not return my calls." (Charging Party Dep. Ex. 16). Charging Party also alleged she contacted the Princess Martha's Human Resources Department and that no one could be reached. (Charging Party Dep. Ex. 28).

Of course, the EEOC had a duty to investigate Charging Party's claim and the EEOC represents Charging Party's interests in this lawsuit. *U.S. Equal Emp't Opportunity Comm'n v. Qualtool, Inc.*, 5:21-cv-229-ACC-PRL, at *3 (M.D. Fla. Aug. 30, 2022); 29 C.F.R. §§ 1601.15; 1601.27.

On or around August 30, 2021, the EEOC was on notice, that Charging Party's cell phone records and data would be highly relevant to her claims because Charging Party alleged in her initial complaint to the EEOC that the Princess Martha would not return her calls. Accordingly, the EEOC had a duty to review Charging Party's cell

phone data and preserve the August 25, 2021, voicemail. Likewise, Charging Party had a duty to present the voicemail to the EEOC as part of her claim.

### B. The EEOC Did Not Take Reasonable Steps to Preserve the Voicemail

Based upon a review of the EEOC's production and their responses to Defendants' Requests for Production, the EEOC made no effort to collect Charging Party's cell phone data or call log. The EEOC also represented that any recordings to the extent they exist would be produced. (**Exhibit B**). Additionally, Charging Party reviewed her voicemail within fifteen minutes of the Princess Martha leaving a voicemail for Charging Party. (Rapson Dep. Pg. 20, Ln. 24, - Pg. 21, Ln. 10; Pg. 21, Ln. 15 – Pg. 22, Ln. 5). Charging Party's call log demonstrates that she also checked her voicemail on August 27, 2021, and August 31, 2021. (Rapson Dep. Ex. B).

Charging Party testified that in August 2021, she was generally diligent about calling phone numbers back and that she didn't have any further attempts from Princess Martha to contact her until she received an email on August 26, 2021, informing her that she wouldn't be hired. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln.  11; Von Blomberg Dep. Ex. 24).

Therefore, Charging Party either willfully ignored the voicemail recording or took active steps to conceal its existence. Whether Charging Party willfully ignored the voicemail or took active steps to conceal it, her choice was deliberate. *People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, Case No: 8:16-cv-2899-T-36AAS, at *21 (M.D. Fla. Feb. 25, 2020).  Critically, Charging Party did not testify that she wasn't sure if the Princess Martha contacted her prior to August 26, 2021. She

affirmatively testified that this did not occur. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln.  11; Von Blomberg Dep. Ex. 24).

In short, this is egregious discovery behavior. *Skanska,* 75 F.4th at 1313. The absolute failure to implement even the most basic data-protection safeguards is so egregious that an inference of bad faith is easy to make. *Id*. The EEOC is a sophisticated federal agency —that is tasked with investigating Charges of Discrimination and filing lawsuits based upon its investigations. 29 C.F.R. §§ 1601.15; 1601.27. As the party representing Charging Party's interests, the EEOC was under a duty to preserve ESI when the voicemail was lost or destroyed. *U.S. Equal Emp't Opportunity Comm'n v. GMRI, Inc.*, No. 15-20561-CIV-LENARD/GOODMAN, at *6 (S.D. Fla. Nov. 1, 2017). Even so, the EEOC did not bother to take the most fundamental of precautions—starting with backing up Charging Party's cell phone and reviewing Charging Party's voicemail and call log.

The spoliation was greatly exacerbated by the disingenuous testimony and representations made by Charging Party. Nonetheless, the EEOC brought this lawsuit against Defendants yet failed to preserve the voicemail at issue. Despite the EEOC's extensive experience in litigation, the EEOC ignored this duty and failed to investigate Charging Party's allegations regarding the Princess Martha's alleged failure to contact her.

Accordingly, the EEOC did not take reasonable steps to preserve the voicemail at issue. [1]

### C. <u>The Voicemail Cannot be Restored or Replaced through Additional Discovery</u>

Defendants have exhausted their efforts to retrieve the voicemail. Defendants served T-Mobile with three subpoenas and took the deposition of T-Mobile's records custodian. (**Exhibit D**).

T-Mobile is no longer able to produce the August 25, 2021, voicemail because more than 30 days have elapsed from the time of the recording. (Rapson Dep. Pg. 15, Ln. 15 – Ln. 23).

Consequently, Defendants are unable to recover the voicemail that Charging Party failed to acknowledge during her deposition and that the EEOC failed to retain as part of its investigation into Charging Party's Charge of Discrimination and in preparation of responding to Defendants' Requests for Production.

### D. <u>Defendants Have Suffered Severe Prejudice Because of the EEOC's Failure to Produce the Voicemail</u>

When determining the severity of sanctions to impose for spoliation of critical evidence, factors "vary according to (1) the willfulness or bad faith of the party responsible for the loss or destruction of the evidence; (2) the degree of prejudice sustained by the opposing party; and (3) what is required to cure the prejudice." *St. Cyr*

---

[1] The failure to act to preserve the voicemail is a violation of Rule 37.

*v. Flying J Inc.*, No. 3:06-cv-13-33TEM, 2007 WL 1716365, at *4 (M.D. Fla. June 12, 2007) (citations omitted).

I.  Charging Party Acted With Intent to Deprive Defendants' of the Voicemail's Use in This Litigation

Here, Charging Party either willfully ignored the August 25, 2021, voicemail or decided to attempt to conceal the existence of the voicemail. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln.  11; Von Blomberg Dep. Ex. 24; Rapson Dep. Pg. 20, Ln. 24, - Pg. 21, Ln. 10; Ex. B). The EEOC also made no attempts to preserve the voicemail. Therefore, Defendants can demonstrate Charging Party's intent to deprive Defendants of the voicemail by either her willful ignorance of the voicemail or her attempt to conceal the existence of the voicemail. Likewise, Defendants can demonstrate the EEOC's failure to take any steps to preserve the voicemail despite their duty to investigate Charging Party's Charge of Discrimination, Charging Party's initial allegations regarding phone communications, and the duty to properly respond to Defendants' Requests for Production. (*Id*.).

II. Defendants Have Suffered Extreme Prejudice Due to the Loss of the Voicemail

Defendants are extremely prejudiced because Defendants have no other way to objectively demonstrate their lack of knowledge regarding Charging Party's alleged disability or her alleged request for an accommodation. The voicemail is not only pivotal to the case, but its absence distorts the truth and prevents Defendants' ability to present a complete defense.

Undoubtedly, Defendants have been forced to defend themselves against the full onslaught of a federal agency that failed to adhere to basic obligations to review and retain critical evidence during its investigation of Charging Party's Charge of Discrimination and in response to Defendants' Requests for Production. Consequently, severe sanctions are warranted to prevent the unfair prejudice to Defendants and to ensure the integrity of the discovery process. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005), *cert. denied*, 548 U.S. 903 (2006).

The practical importance of the voicemail is high given the factual dispute regarding whether Charging Party told the Princess Martha she had a disability and needed an accommodation. *Austrum v. Fed. Cleaning Contractors, Inc.*, 149 F. Supp. 3d 1343, 1351 (S.D. Fla. 2016). Without the voicemail, it is Charging Party's word against Defendants as to whether Charging Party disclosed her alleged disability and whether she allegedly requested an accommodation. The voicemail would have provided proof resolving this issue and would have likely resolved this case in its entirety. *Id.*

Instead, Charging Party checked her voicemail within fifteen minutes of the recording being left, denied she received a return call, and the EEOC took no steps to preserve and produce the most critical and objective evidence as to Defendants' knowledge regarding Charging Party's alleged disability and alleged request for an accommodation. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln. 11; Von Blomberg Dep. Ex. 24; Rapson Dep. Pg. 20, Ln. 24, - Pg. 21, Ln. 10; Ex. B).

This is not a situation where the evidence was cumulative or can be demonstrated through alternate means. *See Floeter v. City of Orlando*, No. 6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *6 (M.D. Fla. Feb. 9, 2007) (finding that although missing emails were relevant to the plaintiff's case, they were not critical and would have been cumulative).   Therefore, Defendants are unable to cure the prejudice because no other objective evidence exists.

Indeed, the voicemail would have demonstrated the Princess Martha's knowledge regarding Charging Party in the 24 hours leading up to Von Blomberg rejecting Charging Party's application. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln.  11; Von Blomberg Dep. Ex. 24).

Accordingly, the extreme sanction of dismissal with prejudice is warranted here because Charging Party either ignored the voicemail or engaged in a pattern of willful concealment of the voicemail, the EEOC took no steps to review and retain the voicemail, and lesser sanctions will not suffice for this discovery misconduct. *Oniha v. Delta Air Lines, Inc.*, No. 21-13532, 2022 WL 580933, at *2 (11th Cir. Feb. 25, 2022).

### III. Defendants Can Demonstrate Clear and Convincing Evidence of Charging Party's Improper Failure to Disclose the Voicemail

The standard for the sanction of dismissal with prejudice must be met by clear and convincing evidence. As set forth above, Charging Party engaged in a clear pattern of willful contempt by ignoring and/or concealing critical evidence, thereby impairing Defendants' defenses and eliminating the only objective evidence in the case that would demonstrate the Princess Martha's knowledge regarding Charging Party's

alleged disability. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln. 11; Von Blomberg Dep. Ex. 24; Rapson Dep. Pg. 20, Ln. 24, - Pg. 21, Ln. 10; Ex. B). The EEOC also represented that it would produce any audio recordings and that the voicemail did not exist. (**Exhibit C**).

Dismissal is generally proper only if the plaintiff acted willfully. *See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); *Strain v. Turner (In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation),* 580 F.2d 819, 822 (5th Cir. 1978), *cert. denied,* 441 U.S. 945, 99 S.Ct. 2165, 60 L.Ed.2d 1047 (1979). *Cf. National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (dismissal affirmed but court emphasized "respondents' `flagrant bad faith' and their counsel's `callous disregard' of their responsibilities").

Here, Defendants can demonstrate Charging Party testified that the Princess Martha did not call her back prior to rejecting her application for employment on August 26, 2021. (Charging Party Dep. Pg. 160, Ln. 13 – Pg. 161, Ln. 11). Charging Party did not testify that she was unsure or didn't know if the Princess Martha called her back. Rather, Charging Party testified that in August 2021, she was generally diligent about calling phone numbers back and that she didn't have any further attempts from Princess Martha to contact her until she received an email on August 26, 2021, informing her that she wouldn't be hired. (Charging Party Dep. Pg. 113, Ln. 9 -11, Pg. 159, Ln. 20 – Pg. 161, Ln. 11; Von Blomberg Dep. Ex. 24).

Charging Party contacted the Department of Justice on August 27, 2021, and the EEOC on or around August 30, 2021. (Charging Party Dep. Pg. 62, Ln. 2 – Pg. 63, Ln. 4, Ex. 16). Charging Party alleged in her initial complaint to the EEOC that the Princess Martha would not return her calls. (Charging Party Dep. Pg. 78, Ln. 17 – Pg. 79, Ln. 6, Ex. 16). Charging Party made these representations despite checking her voicemail within minutes of the recording left by the Princess Martha. (Rapson Dep. Pg. 20, Ln. 24, - Pg. 21, Ln. 10). Notably, Charging Party checked her voicemail two more times on August 27, 2021, and August 31, 2021, i.e. during the time period she discussed her claims with the Department of Justice and the EEOC. (Rapson Dep. Pg. 21, Ln. 15 – Pg. 22, Ln. 5).  Based on the above, Defendants can demonstrate clear and convincing evidence of Charging Party repeatedly accessing her voicemail during the time she presented her claims to the Department of Justice and the EEOC.[2] Therefore, Charging Party either willfully ignored the voicemail recording or put in motion a scheme to attempt to conceal its existence when she knew or should have known of her duty to preserve the voicemail.

Critically, Defendants can demonstrate that Charging Party understood the importance of alleging the Princess Martha failed to call her back because she included these allegations in her August 30, 2021, complaint. *See Watson v. Edelen*, 76 F.Supp.3d 1332, 1344 (N.D.Fla.2015) (noting that under *Flury* "'bad faith' depends in large part upon the importance of the evidence to a fair trial and the extent to which the

---

[2] If the Court does not find Defendants have met the clear and convincing standard, Defendants seek leave and request to take Charging Party's deposition to inquire regarding her failure to retain the voicemail and acknowledge its existence.

spoliating party had notice of that importance and of the need to preserve the evidence").

There is no excuse for Charging Party's representations regarding the Princess Martha failing to call her back and Charging Party's failure to acknowledge and retain the voicemail. Likewise, the EEOC failed to review Charging Party's call log or review her voicemail prior to responding to Defendants' Requests for Production. Accordingly, dismissal with prejudice is ultimately warranted, as no lesser sanction will suffice. *Bellay*, 8:19-cv-206-WFJ-JSS, at *32-33 (M.D. Fla. Aug. 5, 2022).

### E.  Adverse Inferences and Instructions to the Jury

In the event the Court does not dismiss this case with prejudice, Defendants request a presumption that the voicemail was unfavorable to Charging Party's claims at the summary judgment stage and trial, an instruction to the jury that it must presume that the information was unfavorable to Charging Party's claims, the ability to introduce evidence regarding the failure to retain the voicemail, and permit Defendants' counsel to argue to the jury that the lost voicemail would have contained information supporting Defendants' defenses. *Floeter v. City of Orlando*, No. 6:05-cv-400-Orl-22KRS, at *13-14 (M.D. Fla. Feb. 9, 2007)("Courts have found that loss of evidence may be relevant and admissible for the jury's consideration, and that adverse inferences arising from such destruction can be argued by counsel in closing.").

For the reasons demonstrated above, the aforementioned remedies are appropriate due to Charging Party's intent to deprive Defendants of the voicemail's use in this litigation and the EEOC's failure to retain the voicemail at issue. *Fed. R. Civ. P.* 37(e)(2).

<u>Conclusion</u>

As demonstrated above, the EEOC's Amended Complaint should be dismissed in its entirety and with prejudice due to Charging Party's and the EEOC's violations of Rule 37 of the Federal Rules of Civil Procedure.

**<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)</u>**

On October 5, 2023 and October 17, 2023, Defendants' counsel conferred in good faith with Plaintiff's counsel regarding the relief sought in this Motion. Plaintiff is opposed to the relief sought in its entirety.

Date:  October 17, 2023              **FISHER & PHILLIPS, LLP**

                                     */s/ Brett P. Owens*
                                     Brett P. Owens, Esq.
                                     Florida Bar No.: 0112677
                                     Email: bowens@fisherphillips.com
                                     101 E. Kennedy Blvd., Suite 2350
                                     Tampa, FL 33602
                                     Telephone:   (813) 769-7500
                                     Facsimile:   (813) 769-7501

                                     *Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on October 17, 2023, the foregoing was filed electronically with the Clerk of Court's electronic filing system and sent via US Mail and email to:

Robert E. Weisberg
Regional Attorney
Florida Bar. No. 285676

Beatriz Biscardi André
Supervisory Trial Attorney
New York Bar No. 4394599
U.S. Equal Employment
Opportunity Commission
Miami District Office
100 S.E. 2nd Street, STE 1500
Miami, FL 33131
(786) 648-5806
Beatriz.Andre@eeoc.gov.

Lucas B. Michelen
Trial Attorney
New York Bar No. 5606868
U.S. Equal Employment
Opportunity Commission
Tampa Field Office
501 E. Polk Street,
10th Floor
Tampa, Florida 33602
Phone: (813) 710-9378
Fax: (813) 228-2841
lucas.michelen@eeoc.gov

*/s/ Brett P. Owens*
Attorney