UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiffs,

v.                              Case No. 8:22-cv-2182-CEH-AAS

THE PRINCESS MARTHA, LLC,
TJM PROPERTIES, INC., and
TJM PROPERTY MANAGEMENT,
INC.,

    Defendants.
_____/

**ORDER**

Defendants The Princess Martha, LLC, TJM Properties, Inc., and TJM Property Management, Inc. (collectively, the defendants) move for spoliation sanctions. (Doc. 39). Plaintiff U.S. Equal Employment Opportunity Commission (EEOC), on behalf of Charging Party Sarah Branyan, responds in opposition, and the defendants replied. (Docs. 43, 49). The undersigned held an evidentiary hearing on the motion for sanctions (Doc. 39) on December 20, 2023. (Docs. 81, 111).

**I.    BACKGROUND**

In this employment action, the EEOC alleges that the defendants violated the Americans with Disabilities Act (ADA) by failing to hire Ms.

1

Branyan because of her disability and failing to accommodate her disability. (Doc. 24). Ms. Branyan applied for an open position with the defendants on August 16, 2021. (Doc. 24, ¶ 87). On August 18, 2021, Ms. Branyan interviewed for the position with Brittany Knight. (Doc. 24, ¶ 89). During the interview, Ms. Knight offered Ms. Branyan the position and instructed Ms. Branyan to complete a background check with the defendants and to complete a drug test with BayCare to complete the hiring process. (Doc. 24, ¶ 90). Ms. Branyan disclosed to Ms. Knight during the interview that she was a veteran with PTSD, and that her prescription medication may cause her to fail a drug test. (Doc. 24, ¶¶ 91, 92).

On August 19, 2021, Princess Martha Human Resources Director Andrea Von Blomberg confirmed with Ms. Branyan that she would be completing the drug test, and Ms. Branyan submitted a urine sample to BayCare later that day. (Doc. 24, ¶¶ 98, 99). Ms. Branyan contacted the defendants on August 24, 2021, and Ms. Knight indicated that human resources should have called Ms. Branyan. (Doc. 24, ¶¶ 101, 102). Ms. Knight then transferred the call to Ms. Von Blomberg. (Doc. 24, ¶ 103). Ms. Von Blomberg did not answer the call, so Ms. Branyan left her a voicemail. (Doc. 24, ¶ 104). On August 26, 2021, the defendants sent a notice to Ms. Branyan rescinding the offer of employment. (Doc. 24, ¶ 110). The subject of the instant motion is an alleged voicemail the defendants contend Ms. Branyan

received on August 25, 2021 from the defendants. (Doc. 39, p. 5).

## II. STANDARD OF REVIEW

District courts maintain broad discretion to impose sanctions, a power which "derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citation omitted). "But sometimes other sources of federal law provide more specific authority." *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023). "Rule 37(e) from the Federal Rules of Civil Procedure is one such example." *Id.* Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party[.]

Fed. R. Civ. P. 37(e). Rule 37(e)(1) violations "are centered on the effect of a violation; they apply only where lost electronic evidence causes prejudice to another party, which then justifies sanctions no greater than necessary to cure the prejudice." *Skanska*, 75 F.4th at 1311 (citations and emphasis omitted). Rule 37(e)(2) sanctions "look more to the cause of the violation" and

3

"require a finding that the party acted with the intent to deprive another party of the information's use in the litigation." *Id.* (citations and emphasis omitted). "[T]he 'intent to deprive another party of the information's use in the litigation' is the equivalent of bad faith in other spoliation contexts." *Id.* Only upon a finding of the party's bad faith intent to deprive another of the information's use may the court impose the severe sanctions of adverse jury instructions, or even dismissal or default judgment. Fed. R. Civ. P. 37(e)(2).

The moving party must establish four threshold elements for Rule 37(e) to apply: (1) there must have been a duty to preserve ESI; (2) the ESI must have been lost or destroyed; (3) the ESI must have been lost as a result of the party's failure to take reasonable steps to preserve it; and (4) the ESI must not have been restorable or recoverable through supplemental discovery. *Watkins v. Fox*, No. 8:21-CV-2022-SDM-CPT, 2023 WL 5804498, *5 (M.D. Fla. Sept. 7, 2023). "When these elements are not met, a court must deny a request for spoliation sanctions or curative measures." *Id.* (citing *Sosa v. Carnival Corp.*, 2018 WL 6335178, *10 (S.D. Fla. Dec. 4, 2018)).

### III. ANALYSIS

The defendants request the court enter sanctions against Ms. Branyan for spoliation of evidence because she did not produce an August 25, 2021 voicemail that the defendants left for Ms. Branyan. (Doc. 39, p. 5). The EEOC argues the defendants have failed to prove a voicemail existed. (Doc. 43, p. 5).

4

Before the need for a Rule 37(e) analysis, the movant must prove the evidence existed at one time. *Watkins*, 2023 WL 5804498 at *6. Since the parties do not agree on the existence of the August 25, 2021 voicemail message, the analysis begins with whether there was a voicemail message for Ms. Branyan to spoliate.

Call logs from both the defendants and Ms. Branyan show a 29–30 second call from the Princess Martha's main line (727-894-6788) to Ms. Branyan's cell phone (727-641-8210) on August 25, 2021. (Doc. 43-5, p. 33; Doc. 43-9, p. 50). Corporate Representative for T-Mobile Hillary Rapson testified during a deposition that the service code of 02A (Doc. 43-5, p. 33) meant "it's likely that [Ms. Branyan] didn't answer. So it rang on the customer's device, and then, it forwarded to voicemail." (Doc. 43-6, p. 3). Ms. Rapson further testified "[i]t appears that there was [a voicemail]. But we don't know whether there was any actual content, like if they actually left a message or it just hung open-air for that entire time." (Doc. 43-6, p. 4).

Ms. Branyan testified at the hearing on the motion for sanctions that she "was sure" she "didn't have a voicemail from [the Princess Martha]." (Doc. 111, p. 36). Ms. Branyan went on to testify, "[t]o the best of my recollection, I had never seen [the Princess Martha's number on the phone at that time. I would have called [the Princess Martha] back immediately." (Doc. 111, p. 47). Ms. Knight testified at the hearing that she did not reach out to Ms. Branyan

5

after the August 18, 2021 interview. (Doc. 111, p. 95). Ms. Von Blomberg submitted a declaration that she would have been the one with the responsibility to communicate with an applicant like Ms. Branyan. (Doc. 43-9, p. 1). At the hearing, Ms. Von Blomberg testified she did not remember either calling Ms. Branyan or leaving a voicemail on August 25, 2021. (Doc. 111, pp. 107, 109, 110).

No employee of the Princess Martha remembers leaving a voicemail for Ms. Branyan and Ms. Branyan does not remember receiving a voicemail on August 25, 2021. There is a similar lack of certainty regarding the call log showing the 29–30 second call from the Princess Martha to Ms. Branyan on August 25, 2021. As the T-Mobile corporate representative explained, the logs do not show whether Ms. Branyan sent the Princess Martha to voicemail, which would leave a window within the 29–30 seconds for the employee to leave a message, or if the line rang completely through, which would not leave a window within the duration of the call to leave a message. In short, there is proof that the Princess Martha's phone line called Ms. Branyan's cell phone on August 25, 2021. (Doc. 43-5, p. 33; Doc. 43-9, p. 50). However, the defendants have not met their burden of proof that a voicemail message existed at one point, which is the evidence they contend Ms. Branyan spoliated. *Cox v. Target Corp.*, 351 F. App'x 381, *2 (11th Cir. 2009) (upholding district court's denial of spoliation sanctions when movant was

6

unable to establish allegedly spoliated evidence existed at all). On this issue alone, the defendants' motion for sanctions (Doc. 39) is due to be **DENIED**.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the defendants' motion for spoliation sanctions (Doc. 39) is **DENIED**.

**ENTERED** in Tampa, Florida on June 7, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

7