UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                            Case No: 8:22-cv-2182-CEH-AAS

THE PRINCESS MARTHA, LLC,
TJM PROPERTIES, INC. and TJM
PROPERTY MANAGEMENT, INC.,

    Defendants.
_____

## ORDER

This matter is before the Court on the parties' cross-motions *in limine* (Docs. 138, 139), Defendants' motion for judicial notice (Doc. 134), and the responses in opposition (Docs. 141, 142, 143). In this disability discrimination action, Plaintiff alleges that Defendants failed to accommodate charging party Sarah Branyan during her application for employment with the Princess Martha, a retirement community. The case is scheduled for a jury trial on April 21, 2025.

A hearing was held on the motions on April 8, 2025, at which the Court made oral pronouncements with respect to most of the issues raised in the parties' motions. This Order serves to memorialize the Court's oral pronouncements. With respect to the outstanding issue, Defendants' motion to exclude "me too" evidence, the Court will grant the motion.

## DISCUSSION

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.*, quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials).

Rule 402 of the Federal Rules of Evidence prohibits the introduction of evidence that is not relevant. Rule 403 requires the Court to balance the probative value of evidence against the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### A. Defendants' Motion for Judicial Notice (Doc. 134)

First, Defendants ask the Court to take judicial notice of 26 C.F.R. § 1.104-1(c), which concerns the taxation of damages received due to personal physical injuries or illness. Doc. 134. Defendants intend to argue that Branyan, who is seeking damages for emotional distress in this action, claimed emotional distress for a personal injury claim arising out of a car accident that occurred before her application for employment

with the Princess Martha; Branyan denies this. Defendants contend that the contents of the Federal Register must be judicially noticed under 44 U.S.C. § 1507. Plaintiffs oppose judicial notice, arguing that the regulation does not establish an adjudicative fact that is appropriate for judicial notice. Doc. 141. They also point out that the regulation provides alternative explanations to Defendants' theory.

Under F.R.E. 201(b)(2), the court may take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute" because they, *inter alia*, "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The court must take judicial notice if a party requests it and the court is supplied with the necessary information. *Id.* at 201(c)(2).

For the reasons Plaintiff identified, the regulation that Defendants ask the Court to judicially notice does not establish the fact Defendants seek to argue—that Branyan claimed emotional distress from the car accident—or provide evidence regarding an issue that's relevant to this proceeding. Accordingly, it does not constitute an adjudicative fact that is not subject to reasonable dispute, and judicial notice is inappropriate. Defendants' motion is therefore denied.

## B. Plaintiff's Motion *in Limine* (Doc. 138)

### 1. Branyan's VA Disability Claim

Plaintiff moves to prohibit any reference to Branyan's disability claim with Veterans Affairs ("the VA"), because it was decided under a different standard than the ADA's definition of disability, and is therefore irrelevant and misleading to the jury. Defendants argue they do not intend to offer evidence of her VA claim to contest

her disability, but rather that it is relevant because it demonstrates she sought treatment for emotional distress before her application with the Princess Martha. Doc. 143.

At the hearing, Defendants clarified they intend to offer this evidence as impeachment in the event Branyan's testimony contradicts it. Evidence used for impeachment purposes is not a subject of the Court's rulings *in limine*. Therefore, Plaintiff's motion is granted only to the extent Defendants intend to offer this evidence in their case-in-chief. The motion is denied without prejudice to the extent it is offered as impeachment.

    2. EEOC Exhaustion Documents

Plaintiff seeks to exclude evidence that challenges the EEOC's administrative investigation or findings, to the extent Defendants seek to relitigate the EEOC determination or challenge the exhaustion of administrative remedies, neither of which is the purview of the jury. Defendants contend that the charge of discrimination is highly relevant for impeachment purposes and bears directly on Branyan's credibility. Defendants state that they do not intend to offer it to attack the EEOC investigation.

The Court cannot determine *in limine*, without having heard the testimony, whether the evidence is admissible for impeachment purposes. Moreover, it is not clear that this evidence is inadmissible for any purpose. Accordingly, the motion is granted only to the extent that evidence that is offered for the purpose of challenging the exhaustion of administrative remedies or the adequacy of the EEOC investigation is not admissible. The motion is otherwise denied without prejudice.

4

3. <u>Alleged Voicemail from Princess Martha to Branyan</u>

Next, the parties dispute the admissibility of evidence and testimony regarding an alleged voicemail that resulted from a phone call from the Princess Martha to Branyan. Plaintiff argues that the Court already determined in its Order on a motion for sanctions that Defendants failed to prove that a voicemail existed; accordingly, there is insufficient evidence from which a jury could reasonably find that it did. Defendant disagrees, detailing the evidence that supports the voicemail's existence and arguing that its admission must be evaluated under a different standard than the motion for sanctions.

Based upon Defendants' explanation of the evidence at the hearing, it appears there is a factual question regarding the existence of a voicemail, and this evidence is relevant to arguments regarding the parties' participation in the interactive process. At this stage, Plaintiff has not demonstrated that it is not clearly inadmissible for any purpose. The motion is therefore denied, without prejudice to raising an objection at trial.

4. <u>Demand Letter</u>

Plaintiff seeks to prohibit the admission of a demand letter sent by Branyan's former attorney in April 2021 regarding a car accident. Plaintiff argues that the letter is prejudicial because it might make the jury believe she is overly litigious, and it is inadmissible hearsay. Defendants respond that the letter is relevant because the car accident is another source of emotional distress. Defendants did not address hearsay in their written response.

5

At the hearing, too, Defendants failed to identify an evidentiary basis for the admission of the demand letter, which is hearsay and risks introducing subjects that would be covered by attorney client privilege. The demand letter's relevance is also in question, as it was not written by Branyan. Because the demand letter is inadmissible hearsay, if offered for the truth of the matter asserted, the motion to exclude is granted.

5. Unnamed Records Custodians

Lastly, Plaintiff asks to exclude the testimony of certain unnamed records custodians and corporate representatives, because the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Court's Case Management and Scheduling Order require witnesses to be identified by name.

This objection has been resolved between the parties. The Court therefore denies the motion as moot.

**C. Defendants' Motion *in Limine* (Doc. 139)**

1. Branyan's Background *(sections II, III, IV)*

First, Defendants seek to preclude evidence that identifies Branyan as a victim of sexual assault, her status as a military veteran, and any reference to her child being nonverbal. Defendants argue that this evidence is irrelevant and prejudicial, as it would cause the jury to unduly sympathize with Branyan. With respect to her veteran status, Defendants argue it would be offered solely to boost her credibility. In response (Doc. 142), Plaintiff argues that all three types of evidence are relevant. With respect to her status as a veteran and her history of sexual assault, both are contributing causes of her PTSD; they tend to make the existence of her disability and the limitations on

her major life activities more probable. In addition, Plaintiff points out that a key part of her testimony is that one of the first pieces of information she shared with Knight is that she is a "veteran with PTSD." With respect to Branyan's son being nonverbal, Plaintiff argues that this topic arose during Branyan's interview because of her need for a flexible schedule, and it also contributed to her damages because her ability to find another job was limited due to her childcare needs.

The motion is denied as to all three topics. With respect to testimony or evidence about Branyan's history of sexual assault and her status as a veteran, the basis for Branyan's alleged disability of PTSD is directly relevant to this case. Her status as a veteran is also relevant to her medical treatment at the VA, and to what Branyan disclosed to Knight at the interview. In this context, neither of the topics is unduly prejudicial to Defendants. With respect to Branyan's son, the information is relevant to present the entire version of what occurred during the interview and exactly what Branyan told Knight at the interview. It therefore appears that the information would not be presented for the purpose of eliciting sympathy. The Court cautions Plaintiff that these topics should not be dwelled on or become a feature of the trial; they should be presented only to the limited extent that they are relevant. At this stage, however, the Court cannot conclude that they are inadmissible.

2. January 2022 Position Availability *(section V)*

Next, Defendants seek to prohibit Plaintiff from bringing up the fact that the position Branyan had applied for became available again in January 2022, but that Defendants did not contact her to see if she was still interested. Defendants argue this

information is irrelevant to the question of what happened in connection with her application in August 2021. Plaintiffs respond that it is relevant, because by January 2022 Defendants were indisputably aware of her disability and that the lab lost her test results, so the fact that they were still not interested in hiring her demonstrates that they did not want to accommodate her disability.

Because Plaintiff is not alleging that Defendants failed to accommodate Branyan in January 2022, this evidence is likely to mislead and confuse the jury. Its potential for confusion outweighs any relevance, as the jury is not being asked to decide anything in connection with January 2022. The motion is therefore granted.

3. <u>Defendants' Other Properties and Wealth</u> *(sections VII, VIII)*

Defendants seek to exclude evidence about other properties that are affiliated with the TJM entities but were not named in the complaint, as well as information about Defendants' finances. Defendants assert that this evidence is irrelevant and will create a David and Goliath impression that prejudices the jury against them. Plaintiffs argue that evidence about other TJM properties and certain of Defendants' financial records is relevant to the question of whether the TJM entities are an integrated enterprise. Evidence of Defendants' wealth is also a necessary and permissible jury consideration for the question of punitive damages.

The complaint alleges only that the TJM entities and the Princess Martha are an integrated or joint enterprise. Accordingly, evidence about Defendants' other properties that are neither named in this action nor alleged to be part of the integrated or joint enterprise is not relevant and is likely to confuse the jury about the topics at

issue in this case. Although the witnesses will be permitted to testify about their own employment duties, including duties that covered other properties that are not named in the complaint, Plaintiff may not introduce evidence or testimony that addresses details about those properties.

With respect to Defendants' financial information, the evidence regarding Defendants' real estate sales in 2007 is stale and not probative of Defendants' net worth during the relevant time period. To the extent this evidence is relevant to Plaintiff's integrated enterprise argument, Plaintiff must redact the amount of the sale from the document. The motion is denied, however, with respect to other financial evidence and testimony regarding Defendants' net worth during the relevant time period.

Defendants also raised a specific objection at the hearing to Plaintiff's proposed Exhibit 41, which is a cover email and Excel spreadsheet of all the TJM entities' properties' insurance policies. Plaintiff explained that it intends to use this exhibit to demonstrate the integration between the TJM entities and show that they were both involved in negotiating insurance for the TJM properties, including Princess Martha.

Exhibit 41 is unduly prejudicial, confusing, and misleading to the jury. The fact that the TJM properties and the Princess Martha have insurance has no role in this trial, and the Court has already determined that information about Defendants' other properties is not probative of the issues the jury will decide. Therefore, any limited probative value that the cover email may have is outweighed by the potential for prejudice and confusion. Defendants' motion is granted as to Exhibit 41.

9

### 4. Theory that Failure to Contact was Failure to Accommodate *(section IX)*

Next, Defendants ask the Court to prohibit Plaintiff from arguing that Defendants failed to accommodate Branyan by not contacting her about her test results, because they contend it is a new theory of liability that was not alleged in the complaint. Defendants argue that Plaintiff failed to amend the complaint to add such a theory, and that the theory is both prejudicial and confusing to the jury. In response, Plaintiff argues that the allegation in the complaint—that Defendants failed to accommodate Branyan by refusing to assist her with the drug test by permitting her to show that non-negative results were due to prescription medications—is consistent with the trial theory that the failure to accommodate took the form of Von Blomberg failing to call Branyan back or contact Baycare on her behalf. Moreover, Plaintiffs point out that Defendants failed to oppose the theory as inconsistent with the complaint on summary judgment, and failed to move for reconsideration after the Court relied on that theory in the summary judgment order.

The theory Defendants object to is not outside the scope of the complaint, particularly when the complaint is read as a whole, and, as a result, it is not an attempt by Plaintiff to change the claims that it asserted in the complaint. Moreover, Defendants have not identified any specific evidence or testimony that they believe would be outside the scope of the complaint. To the extent Plaintiff presents specific evidence or testimony at trial that Defendants object to, Defendants may raise an objection at that time. Accordingly, the motion is denied without prejudice.

5. <u>Virginia Lawsuit / "Me Too" Evidence</u> *(section VI)*

Finally, Defendants ask the Court to prohibit the introduction of any evidence regarding a pregnancy discrimination lawsuit against a different TJM property located in Virginia. The plaintiff in that suit alleged that Defendants, including the same decisionmaker, Andrea Von Blomberg, failed to accommodate her in May 2022. According to Defendants, the plaintiffs are not similarly situated and the claims arise out of unrelated and distinct allegations. As a result, the Virginia lawsuit is irrelevant, risks prejudice and confusing the issues, and risks creating a trial within a trial.

Plaintiff clarifies that it seeks to introduce only the limited fact that Von Blomberg has faced another failure to accommodate claim, and not any underlying details or documents regarding the lawsuit. Plaintiff argues that the other claim is relevant to Defendants' motive and intent, given that it involved the same decisionmaker and happened only eight months after Branyan's application. In addition, Plaintiff asserts that it is relevant to dispute Defendants' "not me too" argument that they *did* accommodate another individual who needed drug test assistance in January 2022, just four months after Branyan's application.

At the hearing, Plaintiff further asserted that the Virginia lawsuit is relevant to show that it was not a mistake that Von Blomberg failed to accommodate Branyan, and that it demonstrates Von Blomberg's treatment of and hostility toward accommodation requests. Plaintiff also argued that the Virginia suit is relevant to the question of whether an ADA violation could reoccur, with respect to Plaintiff's request for injunctive relief.

Evidence of other acts of employment discrimination by the same defendant is known as "me too" evidence. *See*, *e.g.*, *Demers v. Adams Homes of Northwest Fla., Inc.*, 321 F. App'x 847, 854 (11th Cir. 2009). "Me too" evidence may be admissible under F.R.E. 404(b) as circumstantial evidence of motive or discriminatory intent. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir. 2008). The admissibility of such evidence—an assessment of its relevance and any prejudicial value—is a "fact-intensive, context-specific inquiry" that "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

In *Bagby*, for example, the court considered claims by several of the plaintiff's coworkers that they were discriminated against by someone who was involved in the decision to terminate all of them. 513 F.3d 1261, 1286. Despite differences between the claims, such as the fact that each employee was terminated in response to a different situation, the court found that their claims were probative of the decisionmakers' intent to discriminate. *Id.* at 1285-86; *see also Phillips v. Smalley Maintenance Svcs., Inc.*, 711 F.2d 1524, 1532 (11th Cir. 1983) (testimony by another female former employee that she was subject to similar treatment was relevant to employer's reasons for terminating plaintiff, and was properly admitted under Rule 404(b) to prove employer's motive, intent, or plan); *Demers*, 321 F. App'x at 854 (three former employees' testimony about supervisor's discriminatory actions tended to prove that the supervisor was a common decisionmaker of all the bad acts, and was probative of his discriminatory intent).

However, the Eleventh Circuit has observed that courts are generally "reluctant" to consider "me too" testimony about other bad acts that do not relate directly to the plaintiffs of the case at hand. *Denney v. City of Albany*, 247 F.3d 1172, 1189 (11th Cir. 2001). Even if such evidence is relevant, it may be subject to exclusion as unduly prejudicial, confusing, misleading, or cumulative. *Adams v. Austal, U.S.A., LLC*, 754 F.3d 1240, 1258 (11th Cir. 2014).

In *Lewis v. Dep't of Transp.*, 187 F. App'x 961, 961-62 (11th Cir. 2006), for example, the district court did not abuse its discretion in excluding evidence of prior complaints of discrimination by the plaintiff and others that did not involve the same decisionmakers, because the plaintiff did not raise a hostile work environment claim or a retaliation claim, and "the evidence was likely to confuse the issues for the jury and unfairly prejudice the defendants." *See also Denney*, 247 F.3d at 1189-90 ("me too" evidence did not create a genuine dispute of fact as to discriminatory intent in a failure to promote case, where the prior case concerned a different position, different selection process, and different applicants, and occurred two years earlier, even though both cases involved the same decisionmaker making the same kind of personnel decision); *Gilyard v. Bank of Am. Corp.*, No. 3:09-cv-944, 2011 WL 13295442, *2 (M.D. Fla. Feb. 25, 2011) (where plaintiff in discriminatory discipline case sought to introduce testimony about decisionmaker's offensive treatment of other Black employees, any probative value was outweighed by prejudicial impact on the jury, because "the other employees were not faced with circumstances similar to Plaintiff's," in that they held

13

different positions, they were not accused of misconduct, and they were not terminated or demoted).

Here, the risk of prejudice and confusion to the jury in introducing an unrelated allegation that occurred eight months after Branyan's application outweighs any limited probative value the evidence might have. The situations are not substantially similar: although Von Blomberg was the decisionmaker in both instances, and both involved allegations of a failure to accommodate, any similarities end there. Further, the fact that the Virginia incident occurred after Branyan's application means that it has little or no bearing on Von Blomberg's motivations in the instant case. And there is a significant risk that the evidence would confuse or mislead the jury, or that it would be taken, impermissibly, as evidence that Von Blomberg has a propensity for discrimination. The motion to exclude it is therefore due to be granted.[1]

However, Defendants are cautioned that their introduction of "not me too" evidence regarding Von Blomberg's accommodation of an applicant in January 2022 may open the door to Plaintiff's introduction of evidence about the Virginia incident in rebuttal.[2]

It is **ORDERED:**

1. Defendants' Motion for Judicial Notice (Doc. 134) is **DENIED**.

---

[1] To the extent Plaintiff wishes to introduce the "me too" evidence to support a request for injunctive relief, it may offer the evidence outside the presence of the jury.
[2] A motion to exclude the "not me too" evidence has not come before the Court. Absent such a motion, the Court does not make any ruling as to the admissibility or inadmissibility of that evidence.

14

2. Plaintiff's Motion in Limine (Doc. 138) is **GRANTED-IN-PART and DENIED-IN-PART**, to the extent indicated in this Order.

3. Defendants' Motion in Limine (Doc. 139) is **GRANTED-IN-PART and DENIED-IN-PART**, to the extent indicated in this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 14, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties