UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                      Case No: 8:22-cv-2182-CEH-TGW

THE PRINCESS MARTHA, LLC,
TJM PROPERTIES, INC. and TJM
PROPERTY MANAGEMENT, INC.,

    Defendants.

---

## **ORDER**

This matter is before the Court on the parties' cross-motions for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50. *See* Doc. 182. In this disability discrimination action, Plaintiff alleges that Defendants failed to accommodate charging party Sarah Branyan during her application for employment with the Princess Martha, a retirement community. A jury trial occurred in this case from April 21 to 25, 2025, resulting in a verdict in favor of Plaintiff. The Court made oral pronouncements regarding the cross-motions for judgment as a matter of law on April 25, 2025. This Order serves to memorialize the Court's oral pronouncements.

**LEGAL STANDARD**

Rule 50 provides, in pertinent part:

(a) Judgment as a Matter of Law.

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>> (A) resolve the issue against the party; and
>>
>> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

## DISCUSSION

### A. Defendants' Motion

Defendants filed a written motion for judgment as a matter of law at the close of Plaintiff's case. Doc. 182. They sought judgment as a matter of law with respect to seven issues: (1) the EEOC's failure to establish that Branyan's prescriptions fell within the drug-screening panel; (2) a failure to accommodate was not the but-for cause of the rejection of Branyan's application; (3) Branyan abandoned the interactive process by failing to return the Princess Martha's phone call on August 25, 2021; (4) the August 24, 2021 voicemail from Branyan cannot be considered a request for accommodation; (5) TJM Property Management, Inc., is not a joint employer; (6) the EEOC failed to support its claim for punitive damages; and (7) the EEOC failed to present evidence of pecuniary losses. With respect to the seventh issue, the EEOC withdrew its request for damages based on pecuniary losses. Accordingly, that aspect of Defendants' motion is due to be granted. The other grounds will be addressed in turn.

*a. Ground One*

First, Defendants argue that the EEOC failed to present evidence showing that Branyan's prescriptions fell within the Princess Martha's drug-screening panel. They rely on *Gamel v. F. Energy Techs., Inc.*, No. 21-20479, 2022 WL 1551835, *3 (5th Cir. May 17, 2022), in which the court granted summary judgment for the defense where the plaintiff presented no evidence that the prescription drugs he was taking would have caused a false positive drug test. Upon review, however, *Gamel* is distinguishable from this case. The plaintiff in *Gamel* failed to show that his disability played a role in his firing, where he presented evidence that he had prescriptions for "Lasix, Advair, and a medication for Hepatitis C," while he tested positive for methamphetamine and amphetamines. *Id.* at *1. The connection between those medications and a positive test result for amphetamines is not clear without additional evidence. In contrast, there was enough evidence in this case for the jury to reasonably conclude that Ms. Branyan's prescriptions would cause her to fail the drug test, even without medical testimony. This ground is therefore due to be denied.

*b. Ground Two*

Second, Defendants argue that an alleged failure to accommodate was not the but-for cause of the rejection of Branyan's application for employment, pursuant to the causation standard set forth in *Akridge v. Alfa Ins. Cos.*, 93 F.4th 1181, 1192 (11th Cir. 2024). Rather, Defendants contend, the proximate cause of the rejection of Branyan's application was her failure to return the Princess Martha's August 25, 2021 voicemail—particularly where she had not received a verified drug test result at the

time of her rejection. Defendants cite *Thomas v. Walmart, Inc.*, No. 23-12890, 2024 WL 1574661, *4 (11th Cir. April 11, 2024), for the proposition that a failure to accommodate claim cannot be based on a prospective failure, rather than one that has already occurred.

Here, the EEOC contends that the accommodation Branyan requested was assistance with the drug test procedures considering her disability. Therefore, unlike *Thomas*, the accommodation claim is not prospective. In addition, as the EEOC argues, the causation standard for a failure to accommodate claim differs from other types of disability discrimination, in that an employer's failure to accommodate is identified under 42 U.S.C. § 12112(b)(5)(A) as a manner in which an employer can "discriminate against a qualified individual *on the basis of* disability" (emphasis added). This ground is also due to be denied.

    c. *Grounds Three, Five, and Six*

Next, Defendants argue that they are entitled to judgment as a matter of law because the evidence conclusively established that Ms. Branyan abandoned the interactive process by failing to return the Princess Martha's phone call on August 25, 2021, and the EEOC failed to support its claims that TJM Property Management, Inc., is a joint employer and for punitive damages. The Court finds that all three of these issues are appropriate matters for the jury, considering the contradictory or adequate evidence identified by the EEOC that would allow a reasonable jury to find in Plaintiff's favor. Accordingly, all three grounds are due to be denied.

    *d. Ground Four*

Lastly, Defendants ask for judgment on the question of whether the August 24, 2021 voicemail from Ms. Branyan can be considered a request for accommodation. In *Owens v. Governor's Office of Student Achievement*, 52 F.4th 1327, 1334-36 (11th Cir. 2022), the Eleventh Circuit made clear that an ADA plaintiff must identify her disability as part of a specific demand that triggers an employee's duty to provide a reasonable accommodation. The Court previously found that Ms. Branyan's statements in the August 24 voicemail, alone, did not put the Princess Martha on notice of her disability, as a matter of law. Doc. 113 at 18-22. The EEOC does not dispute this finding, but argues that providing an instruction regarding the voicemail would confuse the jury and unnecessarily separate the voicemail from the other evidence that makes up the totality of the circumstances.

Given the emphasis that the parties placed on the August 24, 2021 voicemail throughout the trial, the Court finds there is a substantial risk that the jury would improperly find that the voicemail, alone—specifically, Branyan's statement that she takes prescription medications that would cause her to fail a drug test—constituted a disclosure of her disability. The jury instructions do not adequately address the potential for confusion on this point. Accordingly, the Court will grant this ground of Defendants' motion, and will provide the following additional instruction to the jury:

> The August 24, 2021 voicemail, on its own, does not constitute disclosure of Ms. Branyan's disability under the ADA. However, it may be considered by you when evaluating all of the evidence in this case.

### B. <u>Plaintiff's Motion</u>

In an oral motion at the close of Defendants' case, Plaintiff also moved for judgment as a matter of law on three grounds. First, Plaintiff argues that no legally sufficient basis exists for a reasonable jury to find that Ms. Branyan is not a qualified individual, because no evidence controverted the EEOC's claim that she could perform the essential functions of the job of activities coordinator. Defendants respond that multiple witnesses testified that a successful drug screening is a requirement of a position at the Princess Martha.

Second, Plaintiff contends that a reasonable jury could not conclude that a reasonable accommodation did not exist, in light of the evidence establishing that a number of reasonable accommodations were available to the Princess Martha that would assist Ms. Branyan with the drug testing procedures. Defendants argue that disputed facts exist as to whether Ms. Branyan could perform the essential functions of the job, as discussed *supra*, and that a reasonable jury could find she abandoned the interactive process by not returning the Princess Martha's phone call on August 25, 2021.

Finally, Plaintiff argues that Defendants have not offered evidence in support of its affirmative defense that Ms. Branyan failed to mitigate her damages by making reasonable efforts to obtain substantially equivalent employment. Defendants respond that a plethora of evidence establishes that she failed to diligently look for a job.

As to all three grounds, the Court finds that Defendants presented at least some evidence from which a reasonable jury could find in their favor. Accordingly, the motion is due to be denied in all respects.

It is **ORDERED:**

1. Defendants' Motion for Judgment as a Matter of Law (Doc. 182) is **GRANTED-IN-PART and DENIED-IN-PART**, to the extent indicated in this Order.

2. Plaintiff's oral motion for judgment as a matter of law is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties