UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                   Case No: 8:22-cv-2182-CEH-AAS

THE PRINCESS MARTHA, LLC,
TJM PROPERTIES, INC. and TJM
PROPERTY MANAGEMENT, INC.,

    Defendants.
_____

## ORDER

This matter comes before the Court on Defendants' Motion for Sanctions Against Plaintiff and Plaintiff's Attorney (Doc. 191), Plaintiff's response in opposition (Doc. 202), and Defendants' Reply (Doc. 205). Defendants seek sanctions against Plaintiff under Fed. R. Civ. P. 11 based on the Court's grant of summary judgment on Count I of the Amended Complaint.

Upon review and full consideration, the Motion for Sanctions is due to be denied.

## BACKGROUND

In this disability discrimination action, Plaintiff alleged that Defendants violated the Americans with Disabilities Act by discriminating against charging party Sarah Branyan based on her disability when she applied for employment. Count I of the Amended Complaint alleged that Defendants committed disability discrimination

by failing to hire her, while Count II alleged that Defendants failed to reasonably accommodate her disability. Doc. 24.

The Court granted summary judgment to Defendants on Count I of the Amended Complaint, concluding that there was insufficient evidence from which a reasonable jury could conclude that the decisionmaker who failed to hire Branyan had actual knowledge that Branyan was disabled. Doc. 113. A jury trial on Count II resulted in a verdict in favor of Plaintiff.

Defendants now move for sanctions under Fed. R. Civ. P. 11, arguing that Count I was frivolous because the "irrefutable facts" demonstrated that the decisionmaker was unaware that Branyan was disabled. Doc. 191 at 6. In support, they summarize the arguments they made on this point in their motion for summary judgment and the Court's conclusions in its Order. *Id.* at 6-9.

Plaintiff responds that Defendants have not met the high standard for Rule 11 sanctions. Doc. 202. Plaintiff argues that it offered circumstantial evidence tending to support Count I, and asserts that Defendants wrongfully used the threat of sanctions as a bargaining chip throughout the litigation. *Id.* For its part, Plaintiff requests sanctions for Defendants' improper Rule 11 motion in the form of its fees in responding to it. *Id.*

In reply, Defendants argue that Rule 11 sanctions are warranted because Plaintiff relied on pure speculation for Count I, and that Defendants' invocations of Rule 11 were made in good faith. Doc. 205.

## DISCUSSION

The goal of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Id.* at 1302. A court may properly assess sanctions under Rule 11:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (quotation omitted). The standard for assessing conduct under Rule 11 is "reasonableness under the circumstances," *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003), which requires courts to "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified," *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Lynch v. Filice*, No. 2:24-cv-340, 2025 WL 417688, *1 (M.D. Fla. Feb. 6, 2025), *quoting Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Moreover, a "grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions." *Baker v. Alderman*. 158 F.3d 516, 524 (11th Cir. 1998).

Another case from this District is illustrative:

> [T]he Court ultimately determined that King's speech was not protected by the First Amendment. Still, the First Amendment retaliation claims were not objectively frivolous. The Court undertook a fact-intensive inquiry to determine whether King's speech was protected and whether the circumstances surrounding the bidding process created the inference that King's speech was the cause of the contract being put out to bid. The Court had to give these claims careful review to determine whether they could survive summary judgment. Thus, sanctions are not warranted on frivolity grounds.

*King v. Bd. of Cnty. Commissioners, Polk Cnty., Fla.*, No. 8:16-CV-2651-VMC-TBM, 2018 WL 4568865, at *1 (M.D. Fla. Feb. 9, 2018) (Covington, J.); *see also Akers v. Newby*, No. 8:21-CV-140-MSS-SPF, 2023 WL 2329202, at *2 (M.D. Fla. Jan. 24, 2023) (Scriven, J.) ("Plaintiffs' evidence was ultimately found to be insufficient to survive a summary judgment motion, but that does not mean the claims were objectively frivolous when asserted.");

Here, too, although the Court concluded—upon careful review and a fact-intensive inquiry—that Count I did not survive summary judgment, Plaintiffs' arguments against summary judgment were neither frivolous nor unreasonable. Plaintiffs' failure to dismiss Count I of their own volition does not warrant the imposition of the extreme remedy of Rule 11 sanctions. Defendants' motion is therefore due to be denied. And, an award of fees to Plaintiffs for responding to Defendants' motion is not warranted.

4

Accordingly, it is **ORDERED**:

1. Defendants' Motion for Sanctions Against Plaintiff and Plaintiff's Attorney (Doc. 191) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties